UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 02-40922 |
| | ) | Chapter 7 |
| THE CREDIT STORE, INC. | ) | |
| Tax I.D. No. 87-0296990 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JOHN S. LOVALD, TRUSTEE | ) | Adv. No. 04-4061 |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | DECISION RE:  MOTION TO |
| | ) | SET ASIDE DEFAULT JUDGMENT |
| PLATINUM FINANCIAL | ) | |
| SERVICES CORPORATION | ) | |
| Defendant. | ) | |

The matter before the Court is the Motion to Set Aside Default
Judgment filed by Defendant Platinum Financial Services Corporation
and the response filed by Plaintiff-Trustee John S. Lovald.  This
is a core proceeding under 28 U.S.C. § 157(b)(2).  This Decision
and accompanying Order shall constitute the Court's findings and
conclusions under Fed.R.Bankr.P. 7052.  As set forth below, the
Motion will be denied.

I.

John S. Lovald, trustee for the Chapter 7 bankruptcy case of
The Credit Store, Inc. ("Debtor"), Bankr. No. 02-40922, commenced
an adversary proceeding against Platinum Financial Services
Corporation ("Platinum Financial") on August 13, 2004.  Trustee
Lovald sought the return of an alleged preferential payment of
$16,028.21 that Platinum Financial received from Debtor on July 31,
2002, which was within 90 days before Debtor's petition date of

-2-

August 15, 2002.  Trustee Lovald served his complaint and a summons on Platinum Financial at 15200 Shady Grove Road in Rockville, Maryland 20850.  Trustee Lovald also served the complaint and summons on The Corporation Trust Incorporated at 300 East Lombard Street in Baltimore, Maryland 21202.  No answer was filed.

On September 16, 2004, Trustee Lovald filed an Application for Default Judgment and an attendant affidavit, and he submitted a proposed default judgment.  Pursuant to Local Bankr. R. 7055-1, he served these documents on Platinum Financial and The Corporation Trust Incorporated at the same addresses stated above.  The Default Judgement was entered on September 17, 2004, and was served by the Bankruptcy Clerk that day on Platinum Financial and The Corporation Trust Incorporated at the addresses stated above.  The adversary proceeding was closed on September 28, 2004.

On April 13, 2005, Platinum Financial filed under Fed.R.Bankr.P. 9024[1] and Fed.Rs.Civ.P. 60(b)(1) and (b)(6) a Motion to Set Aside Default Judgment and supporting brief.  Platinum Financial stated that neither it nor its registered agent, which it admitted was The Corporation Trust Incorporated at the address stated above, received the summons and complaint.  Platinum Financial acknowledged that its agent did receive Trustee Lovald's default application and affidavit and that the agent promptly

---

[1]  In its Motion, Platinum Financial erroneously referred to 9024 as a Bankruptcy Code section.

forwarded the documents to Platinum Financial's lawyers. Platinum Financial also stated that the address for it used by Trustee Lovald was incorrect but that during August and September 2004, it was still receiving mail forwarded from the address used by Trustee Lovald. Platinum Financial further acknowledged that it received, via forwarded mail, Trustee Lovald's default application and the Court's Default Judgment.

In its brief, Platinum Financial stated it has a meritorious defense to Trustee Lovald's preference complaint because Debtor never owned the subject funds but rather just served as a conduit for the funds on Platinum Financial's behalf. Platinum Financial also argued the $16,028.21 transfer was not made on account of an antecedent debt owed by Debtor.

Platinum Financial argued that it was entitled to relief from the default judgment based on the "surprise" element of Fed.R.Civ.P. 60(b)(1). It said the "surprise" arose from the fact that it never received the summons and complaint and that "[e]quity and fundamental fairness" required the Court to set aside the default judgment.

Platinum Financial also argued that its Motion to Set Aside Default Judgment, though filed several months after the default judgment was entered, should be granted under Rule 60(b)(6) because the Motion was made within a reasonable time and because its failure to receive the summons and complaint constituted

-4-

exceptional circumstances. Platinum Financial appeared to base its argument under subsection (b)(6) on the fact that its counsel contacted Trustee Lovald's counsel shortly after the default was entered to advise him that the summons and complaint had not been received. Platinum Financial did not explain why it had not filed any pleadings with the Court until seven months after the default judgment was entered.

Trustee Lovald responded to Platinum Financial's Motion to Set Aside Default Judgment on April 19, 2005. He stated that the addresses he used for Defendant Platinum Financial and its registered agent were obtained from the Maryland Department of Assessments and Taxation on August 16, 2004. He also provided a statement from the Maryland Department of Assessments and Taxation that showed Platinum Financial had not changed its principal office, through the procedure proscribed by state law, until October 20, 2004, which was after the summons and complaint, the default judgment application, and the default judgment were entered and served. Trustee Lovald further set forth communications his attorney had with Platinum Financial's representatives, including faxes and letters between August 12, 2004, and February 24, 2005, none of which apparently prompted Platinum Financial to more quickly file a motion to set aside the default judgment.

II.

Rule 55 of the Federal Rules of Civil Procedures governs default judgments and is applicable in adversary proceedings pursuant to Fed.R.Bankr.P. 7055. Subsection (c) of Rule 55 provides that a default judgment may be set aside for the reasons set forth in Fed.R.Bankr.P. 60(b). Whether relief is granted under Rules 55(c) and 60(b) is committed to the sound discretion of the trial court, *United States ex rel. Time Equipment Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993), and relief under these rules should "be afforded in only the most exceptional of circumstances." *Jones v. United States*, 255 F.3d 507, 511 (8th Cir. 2001). However, Rule 60(b) should be given a liberal construction so as to afford substantial justice and prevent a judgment from becoming a vehicle for injustice, especially where there has not been a ruling on the merits of the case. *MIF Realty L.P. v. Rochester Associates*, 92 F.3d 752, 755-56 (8th Cir. 1996). The party who wants the default judgment set aside "must show lack of prejudice to the plaintiff, a meritorious defense, and lack of culpability." *United States v. Dalman*, 5 F.3d 532 (table)(8th Cir. 1993)(citing *Hoover v. Valley West DM*, 823 F.2d 227, 230 (8th Cir. 1987)); *Thompson v. American Home Assurance Co.*, 95 F.3d 429, 432 (6th Cir. 1996). The Court must then balance the policy favoring a finality in judgments with the competing policy of granting

parties a hearing on the merits of the action. *MIF Realty*, 92 F.3d at 756 (cites therein).

Platinum Financial cited subsections (1) and (6) of Rule 60(b) when it sought an order vacating Trustee Lovald's default judgment. In particular, Platinum Financial claimed "surprise" under Rule 60(b)(1).

The term "surprise" under Rule 60(b)(1) is not defined within the Federal Rules of Civil Procedure, and it has not been often discussed in reported decisions. *Bituminous Casualty Corp. v. Garcia*, 223 F.R.D. 308, 312-313 (N.D. Tex. 2004)(cites therein).

> Intervenors do not appear to fit within mistake, inadvertence, or excusable neglect of reason (1), given that being unaware of the pendency of this action, they hardly had the ability to make a mistake, etc. Neither the parties, nor Prof. Moore, nor Profs. Wright & Miller provide any analysis of "surprise." *See id.*; 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2858 (2d ed. 1995). The Court's limited research has not turned up any extensive jurisprudence of "surprise" under Rule 60(b)(1). [Footnote 6, below.] Those cases the Court found do not engage in any analysis of "surprise," but simply apply the ordinary meaning of the word to their facts. In a plain meaning sense, [Footnote omitted] Intervenors' discovery of the pendency of this action and a default judgment against them surely was a surprise. The Court therefore holds that Intervenors' claim fits within the ambit of Rule 60(b)(1).

>> FOOTNOTE 6. *See Jones v. United States*, 255 F.3d 507, 511-12 (8th Cir. 2001)(court's exclusion of prejudgment interest in damages due to sovereign immunity is not surprise); *Williams v. New York City Dept. of Corr.*, 219 F.R.D. 78, 84-85 (S.D.N.Y. 2003)(receipt of dismissal order by pro se plaintiff is not surprise given numerous warnings by court); *ACEquip*

*Ltd. v. Am. Eng'g Corp.*, 218 F.R.D. 364, 366 (D. Conn. 2003)(failure to receive copy of defendant's status report was not a surprise that would entitle plaintiff to relief from order of dismissal for plaintiff's failure to file status report when plaintiff was required by court order to file status report); *Meiselman v. Byrom*, 207 F.Supp.2d 40, 45 (E.D.N.Y. 2002)(admission into evidence of videotape made of plaintiff during trial--presumably of conduct outside the courthouse--not a surprise); *McLindon v. Russell*, 2000 WL 1221816, at *1-*2 (S.D. Ohio 2000)(failure to receive copy of pleading is surprise); *Ilardi v. Bechtel Power Corp.*, 106 F.R.D. 567, 570 (E.D.N.Y. 1985)(trial court's exclusion of evidence at trial not a surprise); *In re Four Seasons Sec. Laws Lit.*, 63 F.R.D. 422, 431-33 (W.D. Okla. 1974)(in MDL class action, subsequent guilty plea and conviction by class action defendant in parallel criminal litigation did not constitute surprise that would permit class member to obtain relief from judgment entered pursuant to settlement in order to opt out); *In re Four Seasons Sec. Laws Lit.*, 59 F.R.D. 667, 677-78 (W.D. Okla.), *rev'd on other grounds*, 502 F.2d 834 (10th Cir. 1974)(in MDL class action, failure to read notice is not a surprise); *Hodgson v. Atlantic Contracting, Inc.*, 1972 WL 958, at *2 (D.R.I. 1972) (defendant's failure to receive courtesy call from plaintiff's counsel prior to taking a default judgment does not constitute surprise).

*Id.* at 312-13 and 312 n.6.

Subsection (b)(6) of Rule 60 says relief may be granted for "any other reason justifying relief from the operation of the judgment." The movant "must show 'extraordinary circumstances' suggesting that the [movant] is faultless in the delay." *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380,

393 (1993)(cites therein).   Subsection (6) is mutually exclusive

from subsection (1).   *Ibid*.   If the movant is partly to blame for

the delay, relief must be sought within one year under subsection

(1).   *Ibid*.   Exceptional circumstances warranting relief under Rule

60(b)(6) do not include the movant's attorney's incompetence or

carelessness.   *Inman v. American Home Furniture Placement, Inc.*,

120 F.3d 117, 118 (8th Cir. 1997).

Any motion under Rule 60(b)to set aside a judgment must be

made within a reasonable time, and for subsections (1), (2), and

(3), the motion must be made not more than one year after the

judgment has been entered.   When considering whether a motion under

Rule 60(b) has been made within a reasonable time, the Court

considers the movant's reason for the delay and the existence of

any prejudice to the opposing party, *Schultz v. Commerce First

Financial*, 24 F.3d 1023, 1025 (8th Cir. 1994), and all the

attendant facts and circumstances, *Federal Land Bank of St. Louis

v. Cupples Bros.*, 889 F.2d 764, 767 (8th Cir. 1989), including the

date when the movant was first "surprised".   *See MIF Realty*, 92

F.3d at 757.   Default judgments that arose from a marginal failure

to comply with time requirements should be distinguished from

default judgments which arose from a willful violation of court

rules, contumacious conduct, or intentional delays.   *Harre*, 983

F.2d at 130 (motion to vacate a default judgment was granted where

it was filed just twelve days after the judgment was entered and where the default had been entered after a notice problem)(cite therein).  Any delay should be adequately explained.  *Cupples Bros.*, 889 F.2d at 767.

### III.

When all circumstances are considered, the Court's sense of justice is offended more by Platinum Financial's long delay in seeking relief under Rule 60(b) than by letting stand the default judgment, even where Platinum Financial may have a meritorious defense to Trustee Lovald's preference claim and where prejudice to Trustee Lovald is unknown.  *Compare MIF Realty*, 92 F.3d at 757. Though Platinum Financial's motion was filed within one year of the default judgment, under the facts presented, the motion simply was not filed within a reasonable time.  Thus, relief under either subsection (b)(1) or subsection (b)(6) is inappropriate.

Platinum Financial admitted that its registered agent timely received in mid-September 2004 both Trustee Lovald's application for the default judgment and, a few days later, the default judgment itself.  Platinum Financial further admitted that its registered agent promptly forwarded these documents to Platinum Financial's counsel by express courier.  Between late September 2004 and April 13, 2005, when Platinum Financial finally filed its Rule 60(b) motion, the ball was always in Platinum Financial's court.

Initially, Trustee Lovald's counsel, as evidenced by his October 20, 2004, letter to Platinum Financial's counsel, was willing to work toward a resolution of the matter. As late as February 2005, however, when it apparently requested documents from Trustee Lovald's counsel for a second time,[2] Platinum Financial still had not made addressing the default a priority. Most important, Trustee Lovald's counsel clearly advised Platinum Financial's counsel by letter dated November 30, 2004, that Platinum Financial should file a motion to set aside the judgment, as he apparently was no longer willing to consent to the relief requested. *Compare MIF Realty*, 92 F.3d at 757 (Rule 60(b) motion was filed shortly after settlement efforts became futile). Even if Platinum Financial's counsel did not receive the November 30, 2004, letter until Trustee Lovald's counsel mailed it to Platinum Financial's counsel a second time on February 24, 2005, Platinum Financial still took nearly two months after that — to April 13, 2005 — to finally file its Rule 60(b) motion. Throughout these months of inaction, Platinum Financial knew that the default judgment had been entered and that Trustee Lovald was not going to let it be vacated voluntarily. Still it did not act. Further, Platinum Financial has given no explanation of why it did not

---

[2]  Most of the documents were readily available on the internet via the Court's Case Management-Electronic Case Filing system.

immediately seek relief from the default judgment in early October 2004 when it first became aware of it, and it has offered no justification for the delay from November 30, 2004, to April 13, 2005, or from February 24, 2005, to April 13, 2005, when it was clear that a motion would be necessary. *Compare Union Pacific Railroad Co. v. Progress Rail Services Corp.*, 256 F.3d 781, 783 (8th Cir. 2001)(Rule 60(b) motion granted where movant did not act negligently over a long time after receiving warnings regarding its failure to answer a complaint and where it filed the motion just three weeks after settlement negotiations failed).

No one prevented Platinum Financial, "actually or effectively," from exercising its rights, nor did anyone lull Platinum Financial into thinking that the default judgment was beyond challenge. *See Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 461 (8th Cir. 2000). Platinum Financial could have, and should have, done something proactive much sooner to protect its interests.

The Court further finds that Platinum Financial has offered little evidence that it has a meritorious defense. Platinum Financial's brief, the affidavit of Platinum Financial's president Daniel J. Varner, and its late-filed answer[3] only provided conclusory statements that Debtor was a "mere conduit" of the

---

[3] Platinum Financial filed an answer the same day it moved for relief under Rule 60(b).

subject funds and that the funds actually belonged to Platinum Financial.[4] Therefore, the Court cannot find that Platinum Financial has posited a defense that on its face appears to have considerable merit. *Union Pacific Railroad*, 256 F.3d at 783.

Neither party addressed whether vacating the default judgment would prejudice Trustee Lovald. The Court was thus left to presume that it was a non issue with both parties or a "jump ball," and it could not factor that consideration into its balancing of the equities.

Platinum Financial devoted a disproportionate amount of its brief discussing how it did not receive the summons and complaint and how and when it received notice of the default judgment. The real issue, however, is whether Platinum Financial timely availed itself of the remedies offered by Rule 60(b) once it learned of the default judgment in late September 2004. It did not. An appropriate order will be entered.

Dated this 3rd day of June, 2005.

BY THE COURT:

Irvin N. Hoyt
Bankruptcy Judge

ATTEST:
Charles L. Nail, Jr., Clerk

By: _____
Deputy Clerk
(SEAL)

NOTICE OF ENTRY
Under F.R.Bankr.P. 9022(a)
Entered

JUN 0 3 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court
District of South Dakota

I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

JUN 0 3 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By_____

---

[4] The Court is confused by Platinum Financial's argument that no preferential transfer occurred because Debtor was not an "initial transferee" under 11 U.S.C. § 550(a)(1).

Glenn J. Boomsma
606 East Tan Tara Circle
Sioux Falls, SD 57108

Patrick T. Dougherty
PO Box 1004
Sioux Falls, SD 57101-1004

John S. Lovald
Trustee
PO Box 66
Pierre, SD 57501

Platinum Financial Services Corporation
15200 Shady Grove Rd.
Rockville, MD 20850

The Corporation Trust Incorporated
300 East Lombard St.
Baltimore, MD 21202